UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC LARSON, et al., | |
| Plaintiffs, | CIVIL ACTION NO. 1:20-CV-1778 |
| v. | |
| FRANKLIN CO PA CHILDREN AND YOUTH, | (MEHALCHICK, M.J.) |
| Defendant. | |

## MEMORANDUM

This action brought by *pro se* Plaintiffs Eric Larson and Kimberly Larson ("the Larsons") was commenced by the filing of a Complaint on September 29, 2020. (Doc. 1). The Larsons filed an Amended Complaint on July 9, 2021, against Franklin CO PA Children and Youth ("Defendant"). (Doc. 6, at 1). In their Amended Complaint, the Larsons seek to have their parental rights reinstated and to be compensated for all mental health treatments for their seven children. (Doc. 6, at 2). Having conducted the statutorily-mandated screening of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that it lacks jurisdiction to hear the Larsons' claims regarding their parental rights and that the Larsons have failed to state a claim upon which relief may be granted.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On September 29, 2020, the Larsons, proceeding *pro se*, filed the instant action against Defendant. (Doc. 1, at 1). Upon performing its mandatory screening function, the Court held that Kimberly Larson's claims lacked federal jurisdiction, making her Complaint improper in federal court. (Doc. 5). The Court granted Kimberly Larson leave to amend her Complaint

within 14 days of the Order.[1] (Doc. 5). The Larsons filed their Amended Complaint on July 9, 2021. (Doc. 6). In their Amended Complaint the Larsons explain that their "[seven] children were removed from [their] care based on unsanitary living conditions." (Doc. 6, at 2). The Larsons contend that their living conditions were rectified, but their parental rights have not been reinstated. (Doc. 6, at 2). The Larsons state that Defendant refused to reinstate their parental rights due to Eric Larson's position as a truck driver and the fear that Kimberly Larson may become too overwhelmed to properly care for the children. (Doc. 6, at 2). The Larsons claim that this reasoning is a violation of their "basic rights of life, liberty, and [the] pursuit of happiness" and that the Court has jurisdiction to hear such claims under 42 U.S.C. § 1983. (Doc. 6, at 3). Additionally, the Larsons claim that Judge Angela Krom "held a personal [b]ias against the [t]rucking industry [and Eric Larson, resulting in] an unfair [and] unjust ruling." (Doc. 6, at 3). The Larsons state that Judge Krom abused her discretion under 5 U.S. § 706(2)(a). The Larsons seek the reinstatement of their parental rights and an order requiring Defendant to pay for the mental health treatment of the Larsons' seven children until each child reaches 21 years of age. (Doc. 6, at 2).

II.   **SECTION 1915(E)(2) STANDARD**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court is statutorily required to review the complaint of a plaintiff proceeding *in forma pauperis* prior to service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see generally Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D.

---

[1] Initially, Kimberly Larson was the sole plaintiff who had filed a motion to proceed *in forma pauperis*, which the Court granted, making her the only plaintiff who had filed the Complaint. (Doc. 2; Doc. 4). Eric Larson filed his motion to proceed *in forma pauperis* after the Court's March 23, 2021, Order. (Doc. 4; Doc. 7). The Court grants Eric Larson's motion to proceed *in forma pauperis* by separate Order. The Amended Complaint is now deemed filed as to both Eric and Kimberly Larson. (Doc. 6).

Pa. 2008) (summarizing prisoner litigation screening procedures and standards). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting

*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. Cty. of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III. **DISCUSSION**

    A. LACK OF SUBJECT MATTER JURISDICTION

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Additionally, "federal district courts are vested with original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between 'citizens of different States.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (citing 28 U.S.C. § 1332(a)(1)). The Larsons seek restitution from a state court decision. (Doc. 6, at 2-3). "[S]ubject matter jurisdiction is lacking in the federal district courts to the extent that [a party seeks] review of the state court . . . parental rights orders." *Hallman v. Dept. of Hum. Services*, 630 F. App'x 123, 124-25 (3d Cir. 2015) (citing *Great W. Mining &*

*Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine "established the principle that federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Fox*, 615 F.3d at 165; *see also Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 416 (1923); *D.C. Cir. v. Feldman*, 460 U.S. 462, 486-87 (1983); *ITT Corp. v. Intelnet Intern.*, 366 F.3d 205, 210 (3d Cir. 2004) ("The *Rooker-Feldman* doctrine bars federal jurisdiction under two circumstances: if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication."). In *Hallman*, the court dismissed the Plaintiff's "demand for injunctive relief for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine." *Hallman*, 630 F. App'x at 124. The Plaintiff in *Hallman* sought relief from a state court judgment terminating his parental rights. *Hallman*, 630 F. App'x at 124. The Third Circuit upheld the District Courts finding that such a request was not reviewable in federal court due to a lack of subject matter jurisdiction and that dismissal of such a request was proper. *Hallman*, 630 F. App'x at 124-25.

Here, the Larsons seek the reinstatement of this parental rights for their seven children among other guardian related requests. (Doc. 6, at 2). Like the relief sought in *Hallman*, the Court lacks subject matter jurisdiction to review the state court's order terminating the Larsons' parental rights. *See Hallman*, 630 F. App'x at 124-25; *see also Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 486-87. Therefore, the Larsons' request for injunctive relief reinstating their parental rights is not a proper claim in this Court.

B. FAILURE TO STATE A CLAIM UNDER RULE 8

The Larsons' Amended Complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must

be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna Cty. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the Amended Complaint liberally due to the Larsons' status as *pro se* litigants, the Amended Complaint fails to meet the pleading requirements of Rule 8. (Doc. 6). The Larsons allude to a violation of their right to due process under the Fifth Amendment. (Doc. 6, at 2). The Larsons cite to the Declaration of Independence, claiming that their rights to "life, liberty, and pursuit of happiness" have been violated by Defendant. (Doc. 6, at 3); The Declaration of Independence para. 2 (U.S. 1776). The Court, in liberally construing the Amended Complaint, finds that the Larsons may have sought to bring a due process claim. (Doc. 1, at 3); U.S. Const. amend. V ("No person shall be . . . deprived of life, liberty, or property, without due process of law."). The Third Circuit has stated that in order to prevail on a claim of procedural due process in a case involving parental rights, plaintiffs must "show that the procedures that were available to [them] to protect [their] parental rights did not provide [them] due process of law." *Hallman,* 630 F. App'x at 126 (citing *Hill v. Borough of Kutztown,* 455 F.3d 225, 234 (3d Cir. 2006)). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Hallman*, 630 F. App'x at 126 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

The Larsons have not provided any facts pertaining to their experience at trial other than the allegation that Jude Krom was biased against the profession of truck driving and Eric Larson. (Doc. 6, at 3). Nor have they expressly alleged a claim for due process. (Doc. 6, at 3).

The Larsons must allege with sufficient particularity that the rights afforded to them under the Constitution have been violated. *See Binsack*, 438 F. App'x at 160. Blanket assertions of "[t]he basic rights of life, liberty, and pursuit of happiness" are not enough to assert a constitutional claim. (Doc. 6, at 3). In addition, a brief mention of "personal bias" by a judge does not provide enough facts for the Defendant to adequately assess and respond to the Larsons' claim. (Doc. 6, at 3). The Larsons must adhere to Rule 8 by alleging concise allegations of specific conduct that they believe violated their constitutional rights. *See Binsack,* 438 F. App'x at 160.

### C. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson*, 293 F.3d at 108. Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, the Court will grant the Larsons leave to file a second amended complaint in an attempt to cure the deficiencies outlined herein. *Estelle*, 429 U.S. at 106; *Grayson*, 293 F.3d at 108.

Because the Larsons allude to possible claims regarding the violation of their rights under the due process clause of the Constitution, the Court will grant the Larsons a second opportunity to amend their complaint to adequately articulate a justiciable claim of a deprivation of their constitutional rights or violation of federal law. The Larsons are only granted leave to amend their Complaint regarding their Constitutional claims. Any claims for relief pertaining to a state court decision are not reviewable in federal court and cannot be

decided upon by this Court. *See Hallman*, 630 F. App'x at 125 (citing *Fox,* 615 F.3d at 165 ("Rooker-Feldman doctrine bars suits in district court that are essentially appeals form state court judgments.")).

The amended complaint must consist of concise and direct statements alleging which civil rights were violated, and the specific acts that established each violation. Mere speculation is insufficient. The Larsons are advised to follow each claim with a corresponding good-faith request for relief. The Larsons must limit claims to those by which they have suffered actual harm due to the actions of the Defendant[s]. Finally, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

## IV. CONCLUSION

As it stands, Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted (Doc. 6). The Court grants Plaintiffs leave to file a second amended complaint within 30 days from the date of the Order filed concurrently with this Memorandum, on or before October 20, 2021.

An appropriate Order follows.

Dated: September 20, 2021

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**